PARISEN *et al.*, appellants, v. PARISEN *et al.*

*Partition — defective proceedings — rescinding sale.*

The purchaser, at a sale under a judgment in an action for partition, objected to the title upon the ground of certain defects in the proceedings. The objection was found to be well taken, and the referee reported that the purchaser should be released from his purchase. The report was not taken up by either party. Nine years afterwards the plaintiffs in the partition suit moved to have the sale rescinded and the purchaser re-imbursed for his advances. The purchaser resisted the motion. It did not appear that it was within the power of either party to supply the defects in the proceedings. *Held*, that the motion should be granted.

THIS is an appeal from an order denying the plaintiffs' motion to cancel a sale in partition. The opinion states the facts of the case sufficiently.

*John Townshend,* for appellants.

*John Andrews,* for purchaser.

FANCHER, J. The judgment in this action was entered on the 24th January, 1862, and ordered a sale of certain premises in the city of New York under the direction of a referee. The premises consist of four lots of land on 115th street, 100 feet west of the 11th avenue, and they were sold by the referee in one parcel on the 9th July, 1862, to William H. Husted for $600. Objections were made to the title by the purchaser on account of certain defects in the proceedings. A reference was had to consider and report upon the objections. They were found to be well taken, and on the 28th of November, 1862, the referee, Hon. William Mitchell, made his report to the court in which, among other things, he said: "The matter stood adjourned before me to supply these omissions, but they were not supplied and I infer cannot be at present. Under these circumstances and considering the time elapsed since the purchase and the probable change in the value of the property since that time, I am of opinion that the purchaser should be discharged from his purchase." Some costs were incurred on this reference and neither the plaintiffs nor the purchaser took up the

report, but allowed matters to remain as they were until 1869. On the 9th June, 1869, before either party had made any motion upon the report, the attorney for the plaintiff addressed a letter to the attorney for the purchaser asking for the amount of the purchaser's payments, and offering to refund the same and have an order entered releasing him from his purchase. The letter was answered and an early reply promised, but until October, 1870, no definite response was made, except several promises by the attorney for the purchaser to the attorney for the plaintiffs, "to inform him of the amount of the purchaser's costs and disbursements." Pausing at this point it would seem that the plaintiffs had done what was proper in offering to re-imburse the purchaser and to release him from his purchase; and had the learned referee, who considered all the circumstances, possessed the power, he doubtless would have ordered the purchaser re-imbursed and the sale rescinded. The plaintiffs then noticed a motion for an order to that effect and the purchaser, in November, 1870, prepared affidavits to oppose the motion. In them, it appeared, that the purchaser had assigned his bid to George G. Andrews, of Brooklyn, and had also bought certain outstanding claims or liens upon the premises. It was further set forth in the opposing affidavits that repeated requests had been made of the plaintiffs' attorney to file the summons and to supply an affidavit of the signatures of the parties who had admitted service of the summons. But, on reference to the referees' report, it will be seen that a compliance with such requests would not suffice, for there were other material defects in the proceedings pointed out by the referee. The place of service of the summons was not in several instances specified, and that is a statutory requirement. There was a mortgage on the premises alleged to have been paid, but it was unsatisfied of record, and the mortgagee had not, so far as the record showed, been properly served with the summons. The motion thus noticed was not decided until the 10th May, 1871, when the court denied the motion to rescind the sale and ordered the summons to be filed and the defects in the service thereof to be supplied.

It does not appear by the papers before the court, that it is in the power of the plaintiffs, or of the purchaser, to supply such defects, and that, it seems to me, is an unanswerable reason why the order applied for, at special term, should have been granted. The learned judge, at special term, put his decision upon the

ground that there was negligence on the part of the plaintiffs greater than on the part of the purchaser. But on the papers it is not a question of negligence exclusively ; it is whether the plaintiffs have power to supply the defects in the proceedings. It no where appears they could do so, and the inference drawn by the referees was, that they could not. Under such circumstances it would seem to be the dictate of justice, that the purchaser should be re-imbursed and the sale rescinded.

There is another reason why the motion at special term should have been granted. On the facts found as to the title no action for partition could be maintained, for the entire title is vested in the plaintiffs. The action was, therefore, one to remove clouds upon the title. It should have been tried at special term, and the decree or judgment removing the cloud on the title there made. The statutes relating to partition, and under which the referee could be ordered to sell are not applicable. No sale is necessary or proper. If the apparent liens and claims of the defendants are only clouds upon the title, they should be removed by appropriate decree, when the title would be cleared and the plaintiffs' ownership established. They could then sell and convey their own premises without aid of the court, if they desire to do so. If any of them desire to sell, and the others do not, there would be no case made for a partition suit with all the owners as plaintiffs ; but an action should be brought with the former part owners as plaintiffs and the others as defendants.

The order at special term should be reversed, and an order granted to re-imburse the purchaser and to set aside the sale; the order to be settled on two days notice.

INGRAHAM, P. J. I concur in the within opinion. I am also of the opinion that the purchaser, after having a report in his favor on his application to be relieved from his purchase made in 1862, should have taken up the report and completed his motion. He was guilty of gross laches in leaving it for eight years and then when change takes place in the value, seek a different remedy. The order should be reversed as stated in the opinion of Justice FANCHER.

*Ordered accordingly.*